IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br><br><br><br>            vs.<br><br><br>E. WEBER CANYON ROAD, OAKLEY, UTAH, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING BECKY J. PETERSEN'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND MOTION FOR ENLARGEMENT OF TIME TO FILE CLAIM<br><br><br><br><br><br>Case No. 2:05-CV-520 TS |

This matter is before the Court on Becky J. Petersen's Motion to Set Aside Default Judgment.[1]  The government filed is opposition on June 28, 2006,[2] the Petersen's reply was filed

_____

[1] Docket No. 39, filed May 22, 2006.

[2] Docket No. 44.

1

on July 28, 2006.[3]  Also before the Court is Ms. Petersen's Motion for Enlargement of Time to

File Claim for Lot 10, North Ridge Road, Wanship, Utah.[4]

<u>BACKGROUND</u>

This matter is a civil forfeiture proceeding against several parcels of real property and

other property.  One of the parcels is Lot 10 N. Ridge Road, Wanship, Utah, to which property

Becky J. Petersen is the titled land holder.  Ms. Petersen, a school teacher, resides in a home on

that property with her family.  Ms. Petersen's husband, Stephen, has been federally indicted on

mail and wire fraud charges,[5] and this forfeiture relates to Mr. Petersen's allegedly criminal

conduct underlying that case.  Ms. Petersen has not been charged with any wrongdoing.

This case commenced on June 21, 2005.  Ms. Petersen was served with the Complaint in

July of 2005.  Service by publication was effected in two newspapers between the dates of

August 22, 2005, and September 12, 2005.  Ms. Petersen was personally served on November 14,

2005, with the Amended Verified Complaint for Forfeiture *In Rem*.  No claim has been filed by

Ms. Petersen.  On December 22, 2005, the Clerk of Court entered a Default Certificate,[6] and

Default Judgment was entered by the Court on April 5, 2006.[7]  Ms. Petersen claims she did not

---

[3] Docket No. 47.

[4] Docket No. 52.  Apparently Ms. Petersen intended to file this Motion separately on July 28, 2006, but instead filed it as an attachment to her Reply to the 60(b) Motion.  The Motion was re-filed on October 4, 2006, as Docket No. 52.

[5] *United States v. Evanson, et al.*, Case No. 2:05-CR-805 TC.

[6] Docket No. 22.

[7] Docket No. 35.  The government did not make its Motion for Default Judgment until March 22, 2006.  Docket No. 33.

learn about the entry of default judgment until late April 2006, after which she immediately retained counsel.  The instant Motion to Set Aside Default was filed on May 22, 2006.[8]

DISCUSSION

I.    STANDING.

Before the Court can address Ms. Petersen's Rule 60(b) Motion, it must first address the government's contention that Ms. Petersen lacks standing to bring such a motion.

The government argues that Ms. Petersen lacks standing as a party to seek to set aside the default judgment, citing several circuit and district cases outside the Tenth Circuit.  Specifically, it argues that Ms. Petersen's failure to comply with Supplemental Admiralty and Maritime Claims Rule C(6) – which requires that a person asserting an interest in subject property file a statement within 20 days of receiving actual notice or completed publication – precludes her from filing this motion.

The Court declines to rule on the government's position that failure to file a Rule C(6) claim divests a potential claimant of standing.  Instead, the Court will alternatively address Defendant's Motion for Enlargement of Time to File Claim regarding the subject property.  Ms. Petersen requests that she be allowed to file a Statement of Interest in Real Property under Rule C(6) within ten (10) days.

Although the regular time for filing such a claim has passed, Ms. Petersen cites Fed. R. Civ. P. 6(b).  The government acknowledges that this Court has discretion to enlarge the time for

---

[8] Docket No. 39.

filing a claim on property that is subject to forfeiture.[9]  Fed. R. Civ. P. 6(b) states that "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

The Court finds that Ms. Petersen's failure to file a Rule C(6) claim was the result of excusable neglect, for the reasons set forth below.  Thus, the Court will exercise its discretion and "permit the act to be done" within 10 days.  The Court's ruling settles any issue raised by the government that Ms. Petersen's failure to so file precludes standing.

Consequently, the Court finds that Ms. Petersen does have standing to bring the instant Motion to Set Aside Default Judgment, which the Court will now address.

II.    MOTION TO SET ASIDE DEFAULT JUDGMENT.

Fed. R. Civ. P. 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."[10]  Further, such a "motion shall be made within a reasonable time."[11]

_____

[9] Docket No. 50, at 5.

[10] Although Ms. Petersen asserts both Rule 60(b) subsections (1) and (6) in her Motion, the entire analysis of the parties focuses upon subsection (1) alone.  The Court notes that, given its ruling hereon on subsection (1), it need not discuss subsection (6).  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579-580 (10th Cir. 1996) (discussion on Fed. R. Civ. P. 60(b)(6)).

[11] Fed. R. Civ. P. 60(b).

4

The Tenth Circuit has stated that "[t]he guidelines governing a district court's consideration of a Rule 60(b)(1) motion . . . are well established.  Whether the movant has demonstrated mistake, inadvertence, surprise, or excusable neglect is an issue to be litigated on the merits.  The trial court must determine whether excusable neglect has in fact been established, resolving all doubts in favor of the party seeking relief."[12]

The *Jennings* court further explained that "[t]he determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  Relevant factors include the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith."[13]  Additional factors are "fault in the delay" and "whether the moving party's underlying claim is meritorious."[14]

The government relies on *Cashner v. Freedom Stores, Inc.*[15] for the proposition that "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal

---

[12] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (internal quotations and citations omitted).  Further, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence.  More generally, the ordinary meaning of 'neglect' is to give little attention or respect to a matter, or, closer to the point for our purposes, to leave undone or unattended to *especially through carelessness*.  The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.*

[13] *Id.* (internal quotations and citations omitted).

[14] *Id.*

[15] 98 F.3d 572 (10th Cir. 1996).

consequences of his deliberate acts."[16]  However, in the *Cashner* case, the Tenth Circuit

specifically noted, and repeated, that the party's decision there was "deliberate and *counseled*."[17]

The more complete statement of the Tenth Circuit's holding is found one page later: "Rule

60(b)(1) is not available to provide relief when a party takes deliberate action *upon advice of*

*counsel* and simply misapprehends the consequences of the action."[18]

   Here, it is undisputed that Ms. Petersen did not have the benefit of counsel when she

mistakenly determined not to timely file a claim.  Ms. Petersen has the benefit of counsel now,

and since retaining counsel, has aggressively defended her position, which argues in favor of a

determination of this case on the merits.

   Ms. Petersen argues that she believed, albeit erroneously, that a response to the

Complaint would be addressed by the participants and counsel in the criminal action which is

related to this civil forfeiture action.  While this assumption by Ms. Petersen was admittedly

mistaken, the Court cannot find any bad faith in this position.

   Nor is there any evidence of willful delay on her part.  Unlike the party in *United States v.*

*51 Pieces of Real Property, Roswell, New Mexico*,[19] relied upon by the government, there is no

evidence that Ms. Petersen purposely delayed response until the filing of the criminal action or

---

[16] *Id.* at 577.

[17] *Id.* (emphasis added).  The *Cashner* court's opinion is replete with references in that case, other Tenth Circuit cases, and Moore's Federal Practice, that the decision was made on the advice of counsel.

[18] *Id.* at 578.

[19] 17 F.3d 1306 (10th Cir. 1994).

that she did so strategically.  The timing of her action in this case is consistent with her testimony that, after service, she believed the matter would be resolved in the criminal case and, after she found out about the default judgment in April 2006, she took immediate steps to secure legal counsel, resulting in the filing of the instant Motion in May 2006.

The Court finds that the government would not be unduly prejudiced by the setting aside of the default judgment against Ms. Petersen.  After the Default Certificate was entered by the Clerk of Court, the government waited nearly three months to file its Motion for Default Judgment.  Conversely, after Default Judgment was entered by the Court, Ms. Petersen filed the instant motion approximately six weeks later.[20]

Further, while the purpose of Supplemental Rule C(6) is to "force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay,"[21] the government has not disputed that Ms. Petersen is the record title holder.  Consequently, the government was at least aware that Ms. Petersen was an interested party, thus reducing its claim of prejudice.

While setting aside the default judgment against Ms. Petersen would force the government to meet its burden of proof with regard to her and the subject property, this is precisely the burden the government undertook when it filed this action.  When compared to the very real and potentially harsh prejudice to be borne by Ms. Petersen in losing her home and

---

[20] Ms. Petersen attempted to file the Motion on May 19, 2006, but due to a deficiency noted by the Clerk's office, was forced to re-file the Motion on May 22, 2006.

[21] *51 Pieces of Real Property*, 17 F.3d at 1318.

7

property, the Court must conclude that this factor weighs in favor of setting aside the default judgment.

Finally, the Court looks to whether Ms. Petersen has asserted potentially meritorious defenses to this action.  She asserts both 1) the ultimate innocence of her husband in the underlying criminal case, and 2) that she is an "innocent owner," as that term is defined in 18 U.S.C. § 983(d)(2).[22]  While the Court need not determine the ultimate success of Ms. Petersen's asserted defenses, it does find that they are arguably meritorious for purposes of this analysis.

In weighing all of the relevant factors in making this determination, the Court also considered the relatively harsh penalty of Ms. Petersen losing her home for what amounts to a technical default.[23]  The Court believes it is in the best interests of justice to dispose of these issues on the merits, and will afford the parties the opportunity to do so.

<u>CONCLUSION</u>

Based upon the case law, facts and analysis cited, the Court finds that Ms. Petersen has demonstrated mistake, inadvertence or excusable neglect.  It is therefore

---

[22] *See also United States v. Wagoner County Real Estate*, 278 F.3d 1091, 1095 n.1 (10th Cir. 2002).

[23] *See 96 Cases, More or Less, of Fireworks*, 244 F.Supp. 272 (N.D. Ohio 1965) (" . . . to deny Movant the right to a full and fair trial on the issues involved in the seizure of its property would be a rather harsh penalty for an error in judgment, particularly where there has been no great delay involved.").

ORDERED that Ms. Petersen's Motion to Set Aside Default Judgment (Docket No. 39) is GRANTED.  The Default Judgment against Becky J. Petersen[24] is SET ASIDE as to her only.  It is further

ORDERED that Ms. Petersen's Motion for Enlargement of Time to File Claim (Docket No. 52)[25] is GRANTED.  Ms. Petersen must file a Supplemental Rule C(6) claim within 10 days of this Order, and file with this Court proof of such filing.

SO ORDERED.

DATED  October 5, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[24] The Court notes that previous pleadings and documents have referred to Ms. Petersen as Rebecca Peterson, but that her correct name is Becky J. Petersen.

[25] As noted above, Ms. Petersen apparently intended to file this Motion separately on July 28, 2006, but instead filed it as an attachment to her Reply to the 60(b) Motion.  The Motion was re-filed on October 4, 2006, as Docket No. 52.